IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Willie Moses Anderson, #170797 | ) | Civil Action No.: 4:14-cv-1840-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Eric Brown; Torts Claim; Wardens, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Willie Moses Anderson, #170797 ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action alleging violations of his constitutional rights. *See* Compl., ECF No. 1. Plaintiff asserts that his stereo was damaged during an altercation between his cellmate and Defendant Eric Brown, during which his radio fell off a table and was damaged. *See id.* The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R & R, the Magistrate Judge recommends that the Court dismiss Plaintiff's complaint *without prejudice* and without service of process. *See* R & R, ECF No. 13 at 4.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION

In the R & R, the Magistrate Judge recommends the Court dismiss Plaintiff's complaint without prejudice and without service of process. *See* ECF No. 13 at 4. The Magistrate Judge noted that Plaintiff's property damage claim is cognizable under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq. See id.* at 3. The Magistrate Judge then explained that various cases from inside and outside the Fourth Circuit have held that the availability of a state court action for an alleged loss of property provides adequate procedural due process. *See id.* at 4 (collecting authorities). Thus, the Magistrate Judge reasoned, dismissal of this federal action was appropriate.

Plaintiff filed a one page document in response to the R & R. *See* Pl.'s Resp., ECF No. 15 at 1. In his response, Plaintiff did not object to the R & R. Instead, he indicated that he now "respectfully move[s] to have the Court to assert its authority and refer this action to the "Court of

Common Pleas" in Bishopville, South Carolina." *Id.* Plaintiff appears to agree with the Magistrate Judge's recommended finding that his property loss claim is "only cognizable under the South Carolina Tort Claims Act." *Id.*

The Court agrees with the Magistrate Judge and Plaintiff that the South Carolina Court of Common Pleas appears to be the appropriate venue for this matter. The United States District Court, however, may not remand a case that was never removed from state court. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010) ("[F]ederal tribunals lack authority to remand to the state court system an action initiated in federal court."); *see also Payne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 75 Fed. App'x 903, 906 (4th Cir. 2003) ("A case originally filed in federal court cannot be remanded to state court."). Thus, the Court cannot grant the relief sought by Plaintiff. Nevertheless, because the Court agrees with the Magistrate Judge that the matter should be dismissed without prejudice, Plaintiff will not be precluded from filing a new action in the South Carolina Court of Common Pleas.

No party has otherwise objected to the R & R. In the absence of objections to a Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated

3

by reference.  Therefore, it is **ORDERED** that Plaintiff's complaint is **DISMISSED** *without prejudice* and without service of process.  **IT IS FURTHER ORDERED** that Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 1, 2014

4